FILED
BILLINGS, MT
2006 JAN 23 PM 12 50
PATRICK E. DUFFY, CLERK
BY _____
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| BILL BATTLES, | CV 05-100-BLG-RFC |
| Plaintiff, | ORDER DENYING MOTION FOR REMAND |
| vs. | |
| MONTANA RAIL LINK, a Montana Corporation, | |
| Defendant. | |

## BACKGROUND

Defendant has removed this case to this Court alleging that Plaintiff's claim under Mont. Code Ann. § 39-2-703, is preempted by the Employee Retirement Income Security Act, 29 U.S.C. § 1001, et seq., and/or the Railway Labor Act, 45 U.S.C. § 151, et seq. Plaintiff has moved to remand the case back to Montana's Thirteenth Judicial District Court. Defendant opposes Plaintiff's motion.

Plaintiff is represented by the Brotherhood of Maintenance of Way Employees and covered under the terms of a Collective Bargaining Agreement with Defendant Montana Rail Link, Inc. (MRL). The Collective Bargaining Agreement provides Plaintiff with the opportunity

-1-

to participate in Defendant MRL's "Wellness Program," which provides certain medical and wage benefits to employees who have sustained injuries on-the-job.

The Wellness Program is created and wholly governed by the Collective Bargaining Agreement (CBA). *Collective Bargaining Agreement*, Art. 16, ¶ F. The Wellness Program is an ERISA plan, which requires any rights and obligations to be adjudicated under its statutory scheme. Employees' rights and protections under the Employee Retirement Income Security Act of 1974 (ERISA) are identified in the Wellness Program's *Summary Plan Booklet*. *See*, Wellness Program Employee Summary Plan Booklet, "Statement of ERISA Rights," pp. 8-9.

## ANALYSIS

### I. Are Plaintiff's Claims Subject to Complete Preemption under the Railway Labor Act (RLA)?

In the Complaint, Plaintiff alleges that Defendant violated Mont. Code Ann. § 39-2-703. This claim alleges that Defendant's actions of negligently releasing him to work without restrictions and without sufficient and adequate medical testing and procedures, aggravated Plaintiff's October 14, 2002, on the job injury. Plaintiff's employment was terminated by Defendant subsequent to his injury, causing him to suffer damages.

Because the face of Plaintiff's Complaint alleges only a violation of state law, federal preemption "should not be lightly inferred." *Hawaiian Airlines, Inc. v. Norris*, 512 U.S. 246, 252 (1994). However, where the "resolution of state-law claim depends on the interpretation of the CBA, the claim is preempted." *Id.* at 261, citing *Lingle v. Norge Div. of Magic Chef, Inc.*,

486 U.S. 399, 405-406 (1988); *Allis-Chalmers*, 471 U.S. 202 (1985); *Teamsters v. Lucas Flour Corp.*, 369 U.S. 95 (1962).

Federal Courts have specifically addressed the Railway Labor Act's (RLA) preemption of claims related to a railroad's payments of medical expenses and benefits, holding that such claims are preempted by the RLA. In *Leu v. Norfolk v. Western Ry. Co.*, 820 F.3d 825 (7th Cir. 1987), the Court found that "if the railroad has a responsibility to pay the medical bills of injured employees pursing FELA claims, that responsibility arises from the collective bargaining agreement as an incident of the employment relationship," and that to determine "whether that responsibility exists at all requires an interpretation of the collective bargaining agreement." *Id.* at 829. "If an action is inextricably intertwined with the grievance machinery of the collective bargaining agreement and the RLA, exclusive jurisdiction of the NRAB preempts the action." *Id.*

Similar to *Leu*, Plaintiff complains of Defendant's administration of its Wellness Program, which requires an interpretation of the CBA. If Defendant had any obligation to provide benefits to Plaintiff under the Wellness Program, such obligation was premised on and defined by the CBA.

The Montana United States District Court, Missoula Division, considered some of these issues in the case of *Jeffrey McNeil and Lisa McNeil v. Montana Rail Link, Inc.*, Cause No. CV 02-60-M-LBE (Order dated August 29, 2002). The Plaintiff in *McNeil* filed a state district court action alleging claims under the FELA, then later amended the complaint adding a negligent mismanagement claim under Mont. Code Ann. § 39-2-703, contending that "such mismanagement including but is not limited to, Defendant's interference with Plaintiff's medical

-3-

treatment and health coverage." MRL removed the Amended Complaint based on federal preemption.

In denying the Plaintiff's renewed request for remand, the *McNeil* Court concluded that:

> . . . Plaintiffs assert that they have based their pleading solely on MCA § 39-2-703(1), and that the CBA is not at issue. But this argument overlooks the substance of their claims. Although Plaintiffs do not specifically allege that Defendant violated the terms of the CBA, their claims are "inextricably intertwined" with the terms of the CBA. While the Montana statute gives railway employees the right to be free from negligence or mismanagement, there is nothing in the statute conferring a right to medical benefits. Plaintiff's right to medical benefits arises solely from the CBA, and therefore, interpretation of the parties' rights and responsibilities regarding medical benefits is dependant upon interpretation of the CBA. The medical benefits at issue here are not comparable to the broad based areas of traditional state police power such as retaliatory discharge, whistle-blower protection, or privacy statutes that exist as substantive state rights independent of CBA terms. Plaintiffs do not cite to an independent right to medical benefits that is within the traditional state police power of Montana.
>
> Analysis of Defendant's duty to provide medical benefits to Plaintiff is analogous to the duty analysis found in *Hechler, Rawson,* and *Allis-Chalmers*. Plaintiffs cannot establish negligence under MCA § 39-2-703 without first showing that Defendant had a duty to provide medical benefits, which requires an interpretation of the CBA terms.
>
>> Unless federal law governs that claim, the meaning of the health and disability-benefit provisions of the labor agreement would be subject to varying interpretations, and the congressional goal of a unified body of federal law would be subverted.
>
> *Allis-Chalmers*, 471 U.S. at 220.
>
> Adjudication of Plaintiffs' allegations of negligent management of medical benefits pursuant to MCA § 39-2-703(1) is thus dependant upon interpretation of the terms of the CBA. Therefore, Plaintiffs' Amended Complaint is subject to federal preemption pursuant to § 301 of the RLA. Accordingly, Plaintiffs' Renewed Motion for Remand is denied.

-4-

*McNeil v. MRL*, Order dated August 29, 2002, pp. 9-10.

In this case, a plain reading of the allegations made in Plaintiff's Complaint reflects how inextricably interwoven the CBA is to an adjudication of its claims, because The Wellness Program referred to by Plaintiff's Complaint is created and wholly governed by the Collective Bargaining Agreement. It is clear the Plaintiff's claim is contingent upon the terms of the CBA between MRL and Brotherhood of Maintenance of Way Employees. Therefore, Plaintiff's Complaint is subject to federal preemption by the Employee Retirement Income Security Act, 29 U.S.C. § 1001, et seq., and/or the Railway Labor Act, 45 U.S.C. § 151, et seq., and Plaintiff's Motion for Remand [*doc. #6*] is DENIED.

DATED this 23th day of January, 2006.

RICHARD F. CEBULL
U.S. DISTRICT COURT JUDGE

CERTIFICATE OF MAILING
DATE 1/23/06    BY: _____
I hereby certify that a copy
of this order was mailed to:

C. Young
R. Engebritson
D. Keck

-5-